UNITED STATES of America,
Appellee,

v.

Michael DEDE, also known as Sunshine, also known as Bart, Defendant–Appellant.

No. 08–3066–cr.

United States Court of Appeals,
Second Circuit.

March 31, 2009.

Howard R. Birnbach, Great Neck, NY, for Appellant.

Todd W. Blanche, Assistant United States Attorney, (Katherine Polk Failla, Assistant United States Attorney, on the brief), for Lev L. Dassin, Acting United States Attorney for the Southern District of New York, New York, NY, for Appellees.

PRESENT: Hon. WILFRED FEINBERG, Hon. CHESTER J. STRAUB and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant Michael Dede is presently incarcerated, serving a 188–month sentence for conspiracy to distribute more than one kilogram of heroin. *See* 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A) & 846. Dede challenges his conviction, alleging that the district court erred in (1) conducting *voir dire,* (2) responding to a jury question, (3) denying his motions for a mistrial, and (4) giving an *Allen* charge. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. *Voir Dire*

■ Dede faults the trial court for employing different standards of *voir dire* in questioning two potential jurors who worked or had relatives working in law enforcement. The argument merits little discussion because (1) the record supports the trial judge's decision to ask different follow-up questions to the two jurors based on their different responses regarding potential partiality; (2) defendant raised no trial objection to the *voir dire;* and (3) in the end, neither juror sat on the jury that returned the guilty verdict against Dede. While the first two facts preclude us from identifying any abuse of discretion in the challenged *voir dire, see United States v. Perez,* 387 F.3d 201, 205 (2d Cir.2004), much less clear error, *see United States v. Garcia,* 413 F.3d 201, 222 (2d Cir.2005), the final fact precludes the critical determination that Dede's "conviction was at the hands of a biased jury," *Perez,* 387 F.3d at 207.

### 2. *Supplemental Jury Instruction*

Dede argues that the district court erred when, in response to a jury inquiry about defendant's prior criminal record, it told the jury that it "cannot properly answer that question." Trial Tr. at 491. Although defendant raised no objection to the response at trial, he now submits that the court's response insinuated that the defendant had a record, which the court chose not to reveal. He asserts that the jury should have been told not to speculate as to matters outside the record.

■ We have held that when a supplemental instruction was "on a vital issue and misleading, although unintentionally so," a new trial may be required. *Tart v. McGann,* 697 F.2d 75, 77 (2d Cir.1982) (internal quotation marks and citation omitted). Where, as in this case, defendant failed to object to the court's response at trial, we review only for plain error, Fed.R.Crim.P. 30(d); *see United States v. Rossomando,* 144 F.3d 197, 200 (2d Cir.1998), and we identify none in this case. The challenged language in the supplemental charge was immediately followed by an instruction telling the jury to "draw no inference from the fact that [the court was] not answering" the criminal record inquiry. Trial Tr. at 491. The court emphasized, "You are obliged to decide the case on the evidence you have already heard. I cannot supplement it in any way." *Id.* Read as a whole, this response properly conveyed that the verdict could be based only on the trial evidence, without any speculation as to other facts, including the defendant's possible criminal record. *See United States v. Elfgeeh,* 515 F.3d 100, 133 (2d Cir.) (reviewing charge "as a whole" and not on basis of excerpts taken out of context), *cert. denied,* —— U.S. ——, 129 S.Ct. 232, 172 L.Ed.2d 177 (2008). Because we assume that a jury follows a trial court's instructions, *see United States v. Downing,* 297

F.3d 52, 59 (2d Cir.2002), Dede cannot show that he was prejudiced by the first sentence of the response, or that the integrity of his conviction was thereby called into question so as to support relief on grounds of clear error.

### 3. *Denial of Mistrial Motions*

Dede's argument that the district court abused its discretion in denying his four mistrial motions is meritless. *See United States v. Razmilovic,* 507 F.3d 130, 137 (2d Cir.2007). On the first few occasions when jury notes referenced deadlock, the record is more indicative of the jury's failure yet to reach unanimity than of genuine deadlock. *See id.* Even when a third jury reference to deadlock seemed more real, the district court acted well within its discretion in giving an *Allen* charge in an effort to avoid mistrial. *See Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896); *Razmilovic,* 507 F.3d at 139.

### 4. *Allen Charge*

Finally, Dede contends that giving an *Allen* charge was coercive because one juror's father was ill and another juror had a pressing business meeting. *See United States v. Henry,* 325 F.3d 93, 106 (2d Cir.2003). We are not persuaded. The district court delayed deliberations to accommodate both jurors' personal and professional matters, and Dede has pointed to no other evidence to support his claim of coercion. On this record, we identify no abuse of discretion in the district court's decision to give an *Allen* charge. *See id.*; *see also United States v. Razmilovic,* 507 F.3d at 139.

For the foregoing reasons, the judgment of conviction is AFFIRMED.